# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WASHINGTON-ST. TAMMANY ELECTRIC COOPERATIVE, INC., ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-405-JWD-RLB |
| LOUISIANA GENERATING, L.L.C. | |

## AMENDED SCHEDULING ORDER

Before the Court are Plaintiffs' Unopposed Motion to Modify Procedural Schedule (R. Doc. 38) and Plaintiffs' Motion for Leave to Serve Additional Discovery on Defendant (R. Doc. 39), both filed on June 12, 2018. The deadline for opposing the latter motion has not expired. LR 7(f).

On September 14, 2017, the Court issued a Scheduling Order setting, among other things, separate deadlines for the completion of written discovery (March 14, 2018), the completion of fact witness depositions (June 14, 2018), and for the filing of all discovery motions (June 14, 2018). (R. Doc. 12 at 1-2). The Court also set a trial date of October 21, 2019. (R. Doc. 12 at 2).

On February 14, 2018, the Court granted a joint motion by the parties to modify the discovery deadlines, and issued an Amended Scheduling Order extending, among other things, the deadlines for the completion of written discovery (April 13, 2018), the completion of fact witness depositions (July 13, 2018), and for the filing of all discovery motions (July 13, 2018). (R. Doc. 35).

In support of their unopposed motion to extend the pre-trial deadlines, Plaintiffs acknowledge that the deadline to complete written discovery has expired, and seek extensions of the remaining discovery deadlines, as well as the dispositive and Daubert motion deadlines. (R. Doc. 38).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enterprises, LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

The Scheduling Order informed the parties that "[j]oint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically" and that "[e]xtensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery." (R. Doc. 12 at 3).

Plaintiffs do make any attempt to establish good cause for the extensions requested in support of their unopposed motion to extend the pre-trial deadlines in this action. The Court finds that good cause for an extension of any deadlines has not been established by Plaintiffs in their motion. If mere agreement between the parties was all that was required, the good cause standard would be meaningless.

Any future motion seeking an extension of discovery deadlines in this action must provide the information required by the Court's Scheduling Order.

In their opposed motion for leave to serve additional discovery, Plaintiffs assert that they "do not seek to reopen discovery generally, but instead seek leave to serve the discovery previously served on [Defendant] on March 30, 2018 and April 13, 2018." (R. Doc. 39). In support of their motion, Plaintiffs represent that Defendant "has not produced a single document to the Plaintiffs" in response to these discovery requests. (R. Doc. 39-1 at 1). In essence, Plaintiffs are seeking an extension (or re-opening) of the "written discovery" deadline pursuant to Rule 16(b)(4) to allow for the timely service of these written discovery requests.[1] Considering the deadlines in this action as modified below, the Court finds good cause under Local Rule 7(f) to require Defendant to file a response to this motion on an expedited basis.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Unopposed Motion to Modify Procedural Schedule (R. Doc. 38) is **DENIED**.

**IT IS ORDERED** that Defendant must file any response to Plaintiffs' Motion for Leave to Serve Additional Discovery on Defendant (R. Doc. 39) on or before **June 26, 2018.**

Signed in Baton Rouge, Louisiana, on June 19, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Given the Court's deadline to complete written discovery by April 13, 2018, any written discovery served on March 30, 2018 and April 13, 2018 would be untimely, and Defendants had no duty to respond to these discovery requests. LR 26(d)(2) ("Written discovery is not timely unless the response to that discovery would be due before the discovery deadline. The responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline."); *see also Thomas v. IEM, Inc.*, No. 06-886, 2008 WL 695230, at *2 (M.D. La. March 12, 2008) (document requests were untimely as the date for responding "would have fallen outside the [January 15] discovery deadline (*i.e.*, thirty days from service of the Rule 34 request, or January 23, 2008"); *Borniski v. Texas Instruments, Inc.*, 32 F. Supp. 2d 918, 919 (N.D. Tex. 1998) (discovery served on eve of discovery deadline untimely because "deadline set out in the scheduling order was for the completion, not the initiation, of discovery").