IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WASHINGTON-ST. TAMMANY ELECTRIC COOPERATIVE, INC., and <br><br> CLAIBORNE ELECTRIC COOPERATIVE, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> LOUISIANA GENERATING, L.L.C., <br><br> Defendant. | Civil Action <br><br> No. 3:17-cv-00405-JJB-RLB <br><br> JUDGE JOHN E. DEGRAVELLES <br><br> MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER CONCERNING CERTAIN RULE 30(b)(6) DEPOSITION TOPICS AND MOTION FOR EXPEDITED HEARING**

Parties seeking to take the deposition of an organization must "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). For the reasons set forth below, eight of the topics designated by Defendant Louisiana Generating, L.L.C. ("LaGen") fail to meet this requirement. Preparing a witness to address these overly broad topics would be nearly impossible and would impose an undue burden on the Plaintiffs, Washington-St. Tammany Electric Cooperative, Inc. ("WST") and Claiborne Electric Cooperative, Inc. ("Claiborne," and collectively, the "Customer Cooperatives").

**RELEVANT BACKGROUND**

LaGen provided Plaintiffs with a draft deposition notice requesting WST's corporate deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on August 24, 2018. Plaintiffs responded on September 13, 2018, providing LaGen with a detailed list of objections to the proposed deposition topics. The parties scheduled a meet-and-confer session regarding the

objections on September 18, 2018. On the evening of the 17th, and prior to meeting and conferring with Plaintiffs' counsel, LaGen provided notice of the 30(b)(6) deposition of WST (the "WST 30(b)(6) Notice"). Ex. 1. LaGen made no changes between the draft and final WST 30(b)(6) Notice, declining to provide any of the requested specificity. The September 18, 2018 conference between the parties did not resolve this dispute. On September 21, 2018, LaGen provided a deposition notice with identical topics directed to Claiborne (the "Claiborne 30(b)(6) Notice"). Ex. 2.

## ARGUMENT

### I.  Governing Law

Rule 30(b)(6) requires that the notice of deposition "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The organization must designate a corporate deponent to testify on its behalf "about information known or reasonably available to the organization." *Id.* The corporate deponent must prepare to testify "to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (citation omitted).

Pursuant to Rule 26(c), a court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery" or "limiting the scope of disclosure or discovery," "specifying [its] terms," and "prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1). Further, "[t]he court may limit a Rule 30(b)(6) deposition notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous." *Krantz v. State Farm Fire & Cas. Co.*, No. 15-cv-56, 2016 WL 320148, at *3 (M.D. La. Jan. 25, 2016) (citing

*Scioneaux v. Elevating Boats, LLC*, No. 10-0133, 2010 WL 4366417, at *3 (E.D. La. Oct. 20, 2010) (quashing deposition notice that failed to sufficiently particularize 30(b)(6) deposition topics); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-cv-4182, 2008 WL 4833023 (E.D. La. July 2, 2008) (granting motion for protective order for 30(b)(6) deposition topics that were overly broad, vague, and ambiguous).

**II.     The Court Should Enter a Protective Order Striking Certain Deposition Topics That Are Not Described with Reasonably Particularity.**

Plaintiffs respectfully request the Court enter a protective order limiting the scope of the deposition to exclude those topics that are overly broad, vague, or ambiguous, or otherwise subject the Customer Cooperatives to an undue burden. As described in detail below, certain topics designated by LaGen do not meet the requirement of Fed. R. Civ. P. 30(b)(6) to "describe with reasonably particularity the matters for examination." Such overly broad deposition topics render adequate preparation of a corporate designee an "impossible task." *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).

**A.     Topic 1 Seeks Deposition Testimony Regarding More Than 20 Interrogatories and 26 Requests for Production.**

LaGen's Topic 1 asks each Plaintiff to designate a corporate representative to testify regarding "[t]he documents and information requested in [LaGen's] First Set of Interrogatories and Requests for Production of Documents Directed to Plaintiff, [Washington-St. Tammany Electric Cooperative, Inc. or Claiborne Electric Cooperative, Inc.] (the 'Discovery Requests')[.]" The Discovery Requests to WST contain 25 interrogatories and 26 requests for production. Ex. 3. The Discovery Requests to Claiborne contain 23 interrogatories and 26 requests for production. Ex. 4. In short, LaGen has asked, in this one topic, that WST and Claiborne each produce a witness to testify regarding every possible aspect of the case without describing with

any particularity, let alone reasonably particularity, the areas into which LaGen would like to inquire.

Rule 26 also provides that must limit the scope of discovery when deposition topics seek information that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Topic 1 is unreasonably cumulative and duplicative of prior discovery because LaGen has already received an answer or a valid objection to each of the Interrogatories. Plaintiffs made their first response on February 20, 2018, supplemented those responses on March 16, 2018, and provided additional information requested by LaGen on May 30, 2018. LaGen has not made a motion to compel and instead is seeking to re-ask the same questions Plaintiffs have already answered or objected to.

A significant number of the interrogatories in the Discovery Requests are also contention interrogatories regarding technical subjects that the Customer Cooperatives have indicated they will respond to after the filing of Plaintiffs expert reports. However, LaGen has made no effort to carve-out these contention interrogatories from Topic 1. The Customer Cooperatives experts should not be forced to take time away from the preparation of their reports to provide 30(b)(6) deposition testimony. *Trustees of Boston Univ. v. Everlight Elecs. Co., Ltd.*, No. 12-cv-11935, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery.").

With respect to the requests for production, Plaintiffs have already produced all of the Board meeting minutes for both WST and Claiborne covering nearly a 20 year period, totaling more than 14,000 pages of material. Review of potentially responsive documents identified

using the application of mutually agreed upon search terms to mutually agreed upon custodians is ongoing and the Customer Cooperatives anticipate being able to complete production of responsive documents within the next two weeks.

**B.  Topics 14-19 Seek All Communications and Other Documents Related to Events that Occurred more than Five Years Ago.**

Topics 14 through 19 request that WST and Claiborne each designate an individual to testify regarding "any, files, communications, documents, or other information" on a range of events which occurred between 6 and 18 years ago. The topics in dispute are:

- 14.   Any files, communications, documents, or other information related to the Power Supply and Service Agreement between Louisiana Generating LLC and Washington-St. Tammany Electric Cooperative, Inc. dated March 27, 2000, and as restated and amended thereafter from time to time (the "PSSA"), including but not limited to bids or offers for the supply of power to WST by entities other than LaGen, calculations and analyses, evaluations and recommendations, drafting and negotiation of the PSSA, board member discussion and approval of the PSSA, oversight of LaGen's and WST's compliance with the PSSA, and the provision(s) of the PSSA applicable to changes in Environmental Law (as that term is defined in the PSSA).

- 15.   Any files, communications, documents, or other information related to the EPA's 2011 Mercury and Air Toxics Standards Rule, which Final Rule was published in the Federal Register on February 16, 2012 (the "MATS Rule"), including but not limited to LaGen's plans to bring its Big Cajun II power generating plant in New Roads, Louisiana ("BC II") into compliance with the MATS Rule, actual or estimated costs or actual or proposed plans for MATS compliance by any entity or individual other than LaGen, and any representations made by WST to others related to LaGen's MATS Rule compliance plan.

- 16.   Any files, communications, documents, or other information related to the Consent Decree entered into between LaGen, the United States Environmental Protection Agency ("EPA") and the Louisiana Department of Environmental Quality ("LDEQ") on November 20, 2012, and finalized on March 5, 2013 when entered by the court, attached to the Complaint as Exhibit 6 (the "Consent Decree").

- 17.   Any filings, communications, documents, or other information related to the Louisiana Public Service Commission ("LPSC") approval of the PSSA or any extensions thereto.

- 18. Any minutes, resolutions, communications, documents, or other information of WST, WST's board member, WST's employees, or WST's agents related to the PSSA, MATS Rule compliance, LaGen's MATS Rule compliance plan, or the Consent Decree.

- 19. Any communications with other electric cooperatives related to LaGen, Environmental Law compliance costs, LaGen's MATS Rule compliance plan, or the Consent Decree.

The Customer Cooperatives face an impossible task should they be required to prepare a designee to answer questions regarding these overly broad topics. The topics themselves are broad, the categories of things the designee would have to review are broad, and the time periods covered by the requests are broad. The broad topics covered by these questions are the contract at the heart of this dispute, the 2012 MATS Rule promulgated by the EPA, and the 80-page Consent Decree between the EPA, LaGen, and the LDEQ. In addition to the broad topics, the categories of things the designee would be required to review is very broad. The questions call on the designee to be prepared to answer questions regarding "any files," "any communications," "any documents," "any filings," and (lest these categories prove too narrow) "any other information" related to the already broad topics. To further broaden the scope of these questions, the topics in question cover extended time periods ranging from 6 to 18 years. The contract was executed in 2000. The MATS Rule was proposed in 2011 and finalized in 2012. The Consent Decree was executed in November 2012. Topic 18 is particularly unreasonably cumulative and duplicative of prior discovery because LaGen has already received copies of WST's and Claiborne's board minutes. These requests are not described with reasonable particularity and should be stricken from the notices.

### C. Topic 21 Seeks Deposition Testimony Regarding the "Allegations in the Complaint."

Topic 21 seeks testimony regarding all the "allegations in the Complaint." This request is similar to the topic found unacceptable in *Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*,

6

No. 11-cv-2405, 2017 WL 2831700 (E.D. La. June 30, 2017). There, the defendant sought discovery of "the factual basis for the allegations contained in [the Plaintiff's] Third Amended Complaint." *Id.* at *3. The Court noted that "[b]y simply referring generally to the Plaintiff's . . . Third Amended Complaint without any distinction as to specific allegations, the Defendant has not provided reasonably particularized notice such that the Plaintiff can meet its obligation to prepare its representative." *Id.* (citation omitted). The court granted the motion for a protective order on these topics. *Id.*

Topic 21 is nearly identical to the request struck down in *Waste Mgmt.* and should similarly be found to be overly broad. *See also Asevedo v. NBCUniversal Media, L.L.C.*, No. 12-cv-2005, 2013 WL 3155206, at *4 (E.D. La. June 19, 2013) (striking deposition topics that sought testimony regarding answer to complaint and documents produced in discovery because compliance would have required corporate deponent to "marshal all of its factual proof" to testify regarding claims) (quoting *In re Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996); and *TV Interactive Data Corp. v. Sony Corp.*, No. C10-475, 2012 WL 1413368, at *1 (N.D. Cal. Apr. 23, 2012) ("The Court agrees that Topic Number 52 is too vague since it seeks the production of a corporate witness regarding *all* facts and contentions for *each* of [the party's] affirmative defenses and counterclaims.") (emphasis in original).

### III.  Request for Expedited Hearing

LaGen's notices of deposition require WST and Claiborne to provide corporate designees to testify on October 2, 2018 and October 5, 2018 respectively. Plaintiffs accordingly request that the Court either stay Plaintiffs' requirement to comply with the notice until its objections have been resolved, or schedule this matter for an expedited hearing prior to the deposition date.

Respectfully submitted:

**TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.**

BY: /s/ Charles M. Hughes, Jr.
    CHARLES M. HUGHES, JR. (#14382)
    RYAN G. DAVIS (#29138)
    2250 7th Street
    Mandeville, Louisiana 70471
    Telephone: (985) 624-5010
    Facsimile: (985) 624-5306
    Email:    cmhjr@talleyanthony.com
                ryan.davis@talleyanthony.com

    Kyle Danish (PRO HAC VICE)
    Gwendolyn Keyes Fleming (PRO HAC VICE)
    Patrick Daugherty (PRO HAC VICE)
    Erin Bartlett (PRO HAC VICE)
    Jenna R. Mandell-Rice (PRO HAC VICE)
    VAN NESS FELDMAN, LLP
    1050 Thomas Jefferson Street, NW
    Washington, DC 20007
    Telephone: 202-298-1876
    Email:    kwd@vnf.com
                gfleming@vnf.com
                pod@vnf.com
                ekb@vnf.com
                jrm@vnf.com

*Attorneys for Washington-St. Tammany Electric Cooperative, Inc. and Claiborne Electric Cooperative, Inc.*

Dated: September 24, 2018

**CERTIFICATE OF SERVICE**

I certify that on September 24, 2018, the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all attorneys of record contemporaneously with the filing. I further certify that on the same day the foregoing pleading and notice of electronic filing was mailed, faxed, or emailed to all attorney(s) of record who are non-CM/ECF participants.

BY: /s/ Charles M. Hughes, Jr.
CHARLES M. HUGHES, JR. (#14382)
2250 7th Street
Mandeville, Louisiana 70471
Telephone: (985) 624-5010
Facsimile: (985) 624-5306
Email: cmhjr@talleyanthony.com

*Attorney for Washington-St. Tammany Electric Cooperative, Inc. and Claiborne Electric Cooperative, Inc.*

Dated: September 24, 2018